Citation Nr: 1602950 
Decision Date: 01/29/16 Archive Date: 02/05/16

DOCKET NO. 13-16 004 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Newark, New Jersey


THE ISSUES

1. Entitlement to an initial compensable rating for bilateral hearing loss.

2. Entitlement to service connection for chronic fatigue syndrome.

3. Entitlement to service connection for diverticulitis.


REPRESENTATION

Appellant represented by: New Jersey Department of Military and Veterans' Affairs


ATTORNEY FOR THE BOARD

Roya Bahrami, Associate Counsel


INTRODUCTION

The Veteran had active service from August 1961 to August 1963.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from March 2011 and June 2011 rating decisions of the Department of Veterans Affairs
(VA) Regional Office (RO) in Newark, New Jersey.

In April 2015, the Board remanded the appeal for further evidentiary development.

This appeal was processed using VBMS (the Veterans Benefits Management System). Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In this case, substantial compliance with the Board's April 2015 remand instructions was not achieved. Hence, the current Remand is necessary to remedy this failure of compliance. Stegall v. West, 11 Vet. App. 268 (1998). D'Aries v. Peake, 22 Vet. App. 97 (2008).

As indicated in the prior Remand, an August 1962 consultation sheet from the USS Wasp to the Chelsea Naval Hospital dermatology clinic notes specific treatment for an unrelated condition that is not reflected in the service treatment records (STRs) associated with the claims file. Based on this, and the Veteran's report of in-service treatment, the Board instructed the AOJ to make an additional request for the Veteran's STRs from the USS Wasp and the Chelsea Naval Hospital. The Board further instructed the RO to annotate the record to reflect whether such records were nonexistent or unavailable.

The record reflects that the AOJ requested these records on May 14, 2015. However, no response is indicated. Accordingly, the Board finds that the AOJ did not substantially comply with the April 2015 Remand instructions, and an additional remand is necessary to remedy this failure.

Additionally, the April 2015 Remand instructed the AOJ to afford the Veteran VA examinations for each claim on appeal. A May 2015 report of contact indicates that the Veteran's examinations were canceled because the Veteran was moving and unable to attend appointments at this time. There appear to have been no attempts to reschedule these examinations. On Remand, the AOJ should attempt to reschedule such examinations.

The Veteran is hereby notified that it is his responsibility to report for any scheduled examination and to cooperate in the development of the case, and that the consequences of failing to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158 and 3.655 (2015).

Accordingly, the case is REMANDED for the following action:

1. Contact the NPRC or any other appropriate custodian and specifically request medical records from the USS Wasp dated November 1961 to August 1963 and from Chelsea Naval Hospital dated August 1962. If such records are nonexistent or unavailable, the record should be annotated to reflect this.

2. Schedule the Veteran for an appropriate examination(s) to determine the nature and etiology of his diverticulitis and chronic fatigue syndrome. The entire electronic file should be made available to and be reviewed by the examiner, and it should be confirmed that such records were available for review. All clinical findings must be reported in detail and correlated to a specific diagnosis.

Assuming credible the Veteran's reports of (1) in-service left-sided stomach pain, to include such treatment as milk of magnesia, and (2) in-service tiredness, to include such treatment as rest, the examiner should determine whether it is at least as likely as not (50 percent probability or greater) that the Veteran's diverticulitis and/or chronic fatigue syndrome incurred in, or are otherwise related to service, to include these respective reports?

In so opining, the examiner should discuss the other medical evidence of record, including the September 2011 private opinion.

The examiner is requested to provide a thorough rationale for any opinion provided. An examiner's report that he or she cannot provide an opinion without resort to speculation is inadequate unless the examiner provides a rationale for that statement.

3. Schedule the Veteran for a VA audiological examination to determine the current severity of his bilateral hearing loss. The claims folder should be made available for review and a notation of such should be noted. All appropriate testing should be conducted.

The examiner should specifically describe the functional effects of the Veteran's bilateral hearing loss.

3. Review the record to ensure compliance with the Board's Remand instructions. Then, readjudicate the Veteran's claims based on the entirety of the evidence. If any of the claims remain denied, the Veteran and his representative should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014 & Supp. 2015).



_________________________________________________
THOMAS J. DANNAHER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014 & Supp. 2015), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).